## In re LUTTRELL.

District Court, E. D. Kentucky. September 10, 1926.

Bankruptcy ⟨⟩303(5)—Claim of bankrupt's wife to automobile as gift from him held not sustained by evidence.

Evidence *held* not to sustain claim of wife of bankrupt to an automobile as a gift from him when solvent.

In Bankruptcy. In the matter of C. R. Luttrell, bankrupt. On review of order of referee. Affirmed.

W. A. Stanfill, of Hazard, Ky., for bankrupt.

COCHRAN, District Judge. This cause is before me on petitions for review filed by the bankrupt and his wife, Myrtie J. Luttrell, complaining of an order adjudging that a certain Cadillac sedan, 1922 model, was the property of the bankrupt, and ordering it sold by the trustee. The referee found that this sedan was the property of the bankrupt, and not his wife. It was purchased in July, 1922. The bill of sale was made to him, and the license for that year was taken out in his name.

The petitioners put forward two inconsistent claims. One is that it was bought with her money; the other, that it was a birthday gift from the bankrupt to her. The money with which it was purchased came from assets in his name. The evidence does not justify a finding that it was her money that paid for it. This claim is not greatly insisted on. Main reliance is put upon the claim that it was a gift from him to her. It is claimed that he was solvent at the time and had the right to make the gift. It is said that he only owed $1,221 to the First National Bank. It is difficult to accept this statement. He listed debts amounting to $37,950. No explanation is offered as to how he happened to get so greatly in debt in so short a time. When asked whether he then owed any other indebtedness than this bank debt, his answer was: "Well, I don't think I did, at that time, as I remember." Again, when asked whether he had more money and property than the debts he owed, his answer was: "Yes, sir; I think so, at that time."

Something more than this was necessary to make out that he was in such a financial condition as to warrant him in making such a gift. The statute requires that ownership of an automobile shall be evidenced by a bill of sale, and that in order to the transfer thereof a bill of sale is essential, one copy of which is to be filed with the clerk of the county court. As stated, the bill of sale was made to the bankrupt. He made no bill of sale or transfer to his wife. The records showed that he was the owner. Besides, section 1908, Kentucky Statutes, provides that every voluntary alienation of personal property shall be void as to any creditor, unless the actual possession accompanies the same. This applies to persons living together as man and wife, as well as to others. There is no evidence of any such change here. I would not be justified in not approving the referee's finding.

The petitions are overruled, and that finding is affirmed.